UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES MARCELINE, | : |
| KIMBERLY MARCELINE, | : |
|     PLAINTIFFS, | : |
| | : CIVIL ACTION NO. 3:09cv1591(VLB) |
| | : |
| v. | : FEBRUARY 16, 2012 |
| | : |
| MIRIAM DELGADO, | : |
| A STAMFORD POLICE OFFICER, | : |
|     DEFENDANT. | : |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE [Dkt. #108]

*i. Testimony and evidence regarding the preservation orders and the production and retention of documents by the Darien and Connecticut State Police Departments*

Defendant seeks to preclude as irrelevant testimony and evidence relating to two preservation orders issued by a Connecticut Superior Court judge in Plaintiff Charles Marceline's 2009 state criminal proceeding which was commenced in May of 2009 and which culminated in a nolle in October of 2009. These preservation orders were directed to the Darien Police Department and the Connecticut State Police Department who are both non-parties to this action. Defendant also seeks to preclude as irrelevant evidence and testimony regarding what documents were retained and produced by the Darien Police Department and the Connecticut State Police Department as well as evidence and testimony regarding the document retention policies and practices of both police departments. The Court reminds the Plaintiffs that the sole Defendant in this action was an employee of the Stamford Police Department and not the Darien or the Connecticut State Police Departments.

1

**The issue of the relevancy of this evidence regarding the preservation orders, the Darien and the Connecticut State Police Departments' production of documents and their records and retention policies and practices has already been the subject of a prior motion in limine, objections raised in the Joint Trial Memorandum, a discovery dispute request, a further request to reopen discovery on the eve of trial, a motion for reconsideration and were also raised and discussed during the pretrial conference held on September 29, 2011.  See [Dkt. ## 48, 53, 56, 58, 65, 82, 91 and 106].  Based on the factual and legal arguments made by the Plaintiffs repeatedly, the Court has already ruled that the preservation orders are of "questionable relevance" and that Plaintiffs "assertion of spoliation is unsupported by the record and its absence of probative value is out-weighted by its prejudice."  See [Dkt. #91].  In addition, the Court found that "Plaintiffs' counsel has not shown that the potential non-compliance by a non-party with a Superior Court Preservation Order in a case disposed of in 2009 is relevant in this action.  Further, Plaintiffs' counsel has not shown that a sanction for spoliation by a third party should be imposed against the Defendant in this action."  See [Dkt. # 106].**

**In particular, Defendant seeks to preclude the testimony of Darien Police Department Witnesses Chief Lovello, Officer Moore, Sergeant Johnson, retired Darien Police Department employee Mr. LaBella, a Darien Police Department Representative and a Connecticut State Police Department Representative.   In the Joint Trial Memorandum, Plaintiffs have indicated that these witnesses will testify about the following topics: police records including documents,**

2

videotapes, the Darien and State Police Department records retention and records preserved and produced regarding this incident. Defendant also seeks more generally to preclude evidence relating to the two preservation orders themselves. Defendant argues that none of this evidence is relevant to the causes of action at issue in as it has no "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Plaintiffs argue that the Darien Police Department prepared the incident report and produced several reports and CDs containing recordings of 911 calls. Plaintiffs argue that the testimony of these witnesses will be necessary to authenticate documents or the voices on the CD recordings. However, Plaintiffs concede that not all four witnesses may be necessary to authenticate the documents and cds and that one witness may be more appropriate. The Court agrees that only one witness is appropriate. Accordingly, Plaintiffs will be allowed to call one witness from the Darien Police Department and one witness from the Connecticut State Police Department for the *sole purpose* of authenticating any relevant and admissible evidence before the Court at trial.

Plaintiffs also argue that these witnesses may be able to identify the Darien police officers on the scene and that "the identity of the Darien police officers on the scene, what they witnessed and were told in terms of excessive force used against the Plaintiffs is relevant." See [Dkt. #112, Pl. Mem. at 2-3]. Plaintiffs appear to be suggesting that such evidence is relevant to establishing what force Delgado allegedly used in detaining Plaintiffs. However, since the Darien and Connecticut State police officers were not present when Defendant Delgado

3

allegedly used excessive force any testimony regarding what they were told after the fact would be inadmissible hearsay as it would be an out of court statement offered to prove the truth of the matter asserted.  Further, the identities of the officer who arrived on the scene after Defendant Delgado's alleged excessive use of force are also irrelevant as those officers do not have any personal knowledge of Defendant Delgado's allegedly unlawful behavior and again whatever testimony they could give as to what Delgado did or did not do would likely be inadmissible hearsay.  Further, Plaintiffs have not established that such evidence is subject to an appropriate hearsay exception.

In addition, Plaintiffs have indicated in the Joint Trial Memorandum that the these witnesses will testify about what records were produced and retained by these non-party police departments and not about Defendant Delgado's alleged use of force.  Plaintiffs have also indicated in their opposition to the motion in limine that they wish to call the representative from both the Darien and Connecticut State Police Departments to testify regarding video recordings since to date no video recordings from police vehicles have been produced by either department.  *See* [Dkt. #112, Pl. Mem. at 3].

Once again, Plaintiffs have failed to demonstrate such material ever existed, that the preservation order was in effect and imposed a duty to possess such material in 2011 when Plaintiffs sought it, that the preservation order was violated, or assuming it was violated the relevance of a non-party's non-compliance with a preservation ordered issued in another matter by another court to the present action.  Plaintiffs are reminded that this case is against Defendant

4

Delgado and Defendant Delgado alone.  Plaintiffs have not brought suit against the Darien Police Department or the Connecticut State Police Department.  Plaintiffs have not demonstrated how the issues of what documents were retained and produced or what document retention policies and practices were in place at the Darien or the Connecticut State Police Departments are relevant to demonstrating that Defendant Delgado, a Stamford Police Department Officer, employed excessive force and engaged in an intentional infliction of emotional distress.

To the extent that Plaintiffs' agenda in repeatedly attempting to introduce evidence regarding the Darien and the Connecticut State Police Departments' failure to produce documents and their non-compliance with the Superior Court preservation orders is to advance a "blue shield" theory and obtain an adverse inference instruction, Plaintiffs have entirely failed to demonstrate any legal basis whatsoever why the conduct of third parties to the action should be attributed to Defendant Delgado and why what is really a sanction for spoliation against the Darien Police and Connecticut State Police Departments should be imposed against the Defendant who was an employee of the Stamford Police Department.

Lastly, Plaintiffs argue that preservation orders themselves include a certified copy of the Darien Police Department's incident report, narrative and list of officers on duty the day of the incident.  Plaintiffs suggest that "using a 'generous' definition of relevant evidence, the incident report is directly relevant" to the events at issue.  See [Dkt. #112, Pl. Mem. at 4].  However, an independent

and separate copy of the police incident report is already identified as a separate exhibit in the Joint Trial Memorandum.  Plaintiffs have not made any showing why the police incident report should be introduced within the preservation orders.  Here, Plaintiffs are trying to bootstrap the preservation orders into the police incident report in a blatant attempt to pull the proverbial wool over the Court's eyes.  Plaintiffs have not even attempted to make a legal argument as to why the preservation orders themselves would be relevant to demonstrate that Defendant Delgado used excessive force and engaged in an intentional infliction of emotional distress.  Instead Plaintiffs solely argue that the police incident reports are relevant.

Once again, Plaintiffs have failed to demonstrate that the Superior Court preservation orders and evidence regarding the production and retention of documents by the Darien and Connecticut State Police Departments are relevant to demonstrate that Defendant Delgado engaged in excessive force and an intentional infliction of emotional distress.  Plaintiffs are therefore precluded from offering evidence and testimony regarding the preservation orders and the production and retention of documents (or failure to produce and retain documents) by the Darien and Connecticut State Police Departments.  Accordingly, the Court grants Defendant's motion in limine to preclude Plaintiffs from offering the testimony of Chief Lovello, Officer Moore, Sergeant Johnson, Mr. LaBella and the representatives of the Darien and Connecticut State Police Departments.

To the extent that Plaintiffs seek to call the representatives of the Darien and Connecticut State Police Departments for the sole purpose of authentication they may do so. In addition, the Court grants Defendant's motion in limine to preclude Plaintiffs from offering evidence relating to the preservation orders including the copies of the orders.

This is now the seventh time that Plaintiffs have raised this issue regarding the preservation orders and the retention and production of documents by the Darien and Connecticut State Police Departments without citing any supporting law or showing that the preservation order survived the nolle of the case in which it was issued. As this case proceeds to trial, should Plaintiffs raise this issue for an eighth time, the Court will seriously consider whether sanctions pursuant to Rule 11 are warranted. The Court reminds the Plaintiffs that in the Second Circuit sanctions are warranted where "it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989); *see also U.S. v. Int'l Brotherhood of Teamsters*, 728 F. Supp. 924, 925 (S.D.N.Y. 1989) (expressing concern that the motions made by one of the parties "may run afoul of Rule 11, since they raise the exact same legal issues which I decided less than one month ago" and concluding that "Rule 11 requires that attorneys file motions in good faith, and such frivolous motions in the future will result in sanctions").

   ii.  *Deposition Transcripts*

7

**Defendant seeks to preclude the introduction of numerous deposition transcripts that Plaintiffs have indicated they intend to introduce at trial as inadmissible hearsay.  Under Federal Rule of Evidence 804 (b) deposition testimony only qualifies an exception to the hearsay rule if the declarant is unavailable as a witness.  Fed. R. Evid. 804(b).  Plaintiffs indicate that they intend to introduce the deposition transcripts only for impeachment purposes or in the event that a witness is unavailable.  The Court emphasizes that the party seeking to offer deposition testimony bears the burden of showing unavailability, notwithstanding due diligence.  *See U.S. v. Amato*, 3-cr-1382(NGG), 2006 WL 1788190, at \*1 (E.D.N.Y. June 26, 2006).  In the event a witness is unavailable, Plaintiffs must demonstrate first that the deposition testimony is *relevant* and second that it is *admissible* under the Federal Rules of Evidence before they will be allowed to introduce it.  Therefore to the extent that the deposition testimony itself contains hearsay, Plaintiffs will have to demonstrate that an appropriate hearsay exception applies.  In addition, for example, if Plaintiffs attempt to introduce deposition testimony relating to the Darien Police Department's failure to produce video recordings from police vehicles, since Plaintiffs have not demonstrated that such testimony is relevant they may not introduce it even if the declarant is unavailable.**

### iii. CD Recordings received from State Police on 9/20/2011

**Defendant seeks to preclude a CD recording relating to the communications between non-party police departments as irrelevant and inadmissible hearsay.   Plaintiffs argue that the CD contains eyewitness**

8

statements that would qualify under the present sense impression or excited utterance exceptions to the Hearsay Rule. *See* Fed. R. Evid. 803(1) and (2). To the extent that the CD contains the present sense impression or excited utterances of eyewitnesses who observed Defendant Delgado's use of force against the Plaintiffs, such evidence would be relevant and admissible under the hearsay rules. Plaintiffs may introduce only the portions of the recordings that constitute those relevant present sense impressions and excited utterances of the purported eyewitnesses.

### iv. Unnamed Civilian Witness

Defendant has asked the Court to preclude the testimony of the witness that Plaintiffs have listed in the Joint Trial Memorandum as an unnamed "civilian witness." In response, Plaintiff indicates that the unnamed "civilian witness' is an individual who can be heard on a CD which was produced by the Connecticut State Police Department on September 20, 2011 and that the Plaintiffs believe that the witness is Thomas Sniffen who is already listed as a witness in the Joint Trial Memorandum. Plaintiffs indicate that if they determine that the individual is not Mr. Sniffen and his identity is learned prior to trial they would want the newly identified individual to testify at trial. The purpose of Rule 26 disclosures and discovery in general as well the filing of the joint trial memorandum is to provide notice to each party of the individuals who have relevant information and to enable both sides to adequately prepare for trial. Here, it would be prejudicial to Defendant to allow an individual who has not been previously identified to testify at trial without affording the Defendant at least an opportunity to depose that

9

individual prior to trial. Consequently, Plaintiffs must identify the unnamed witness at least one month prior to trial to afford Defendant the opportunity to depose the individual. If Plaintiffs fail to identify the individual one month prior to trial, Plaintiffs will not be permitted to introduce that individual's testimony at trial absent good cause and undue prejudice to the Defendant.

### v. *Other Objections Raised in the Joint Trial Memorandum*

On October 13, 2011, the Court issued an amended scheduling order in which the Court ordered that "[a]ll new objections raised in the Joint Trial Memorandum should be the subject of a motion in limine due by 11/30/2011." *See* [Dkt. # 102]. It does not appear that either party has complied with the Court's Order as there appears to be new objections raised in the Joint Trial Memorandum that have not been briefed in a separate motion in limine. Should the parties desire the Court to rule on these new objections they must file a joint motion in limine by February 29, 2012. The joint motion in limine should contain the party's objection including citations to relevant Federal Rules of Evidence and Second Circuit case law as well as the opposing parties' opposition to the objection. All objections that are not the subject of the joint motion in limine will be deemed waived.

### Conclusion

Based upon the above reasoning, the Defendant's [Dkt. #108] motion in limine is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

        /s/

Hon. Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut: February 16, 2012